**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN RODAS-JOAQUIN; RODAS
ALEXANDER DOMINGUEZ-DIEGUEZ,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-71351

Agency Nos.    A209-143-170
                      A209-143-171

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 12, 2021**

Before:    TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Juan Rodas-Joaquin and Rodas Alexander Dominguez-Dieguez, natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's decision

denying their applications for asylum, withholding of removal, and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006)  We deny the petition for review.

In their opening brief, petitioners do not make any argument challenging the agency's decision to exclude the 2015 automobile accident from consideration in its past persecution analysis.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Substantial evidence supports the agency's determination that the harm petitioners suffered did not rise to the level of persecution.  *See Kohli v. Gonzales*, 473 F.3d 1061, 1070 (9th Cir. 2007) (noting that persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citation omitted)).  Substantial evidence also supports the agency's determination that petitioners failed to establish an objectively reasonable fear of future persecution in Guatemala.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").  Thus, petitioners' asylum claim fails.

In this case, because petitioners failed to establish eligibility for asylum, they failed to establish eligibility for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.

20-71351

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We do not consider the materials petitioners reference in their opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to "the administrative record upon which the [removal] order is based" (internal quotation marks and citation omitted)).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

20-71351